UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LILIANA ALMEIRA et al.,

    Plaintiffs,

vs.                                    Case No.: 8:14-cv-00045-T-27AEP

GB HOUSE, LLC et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion for Entry of Final Judgment, and for Attorneys' Fees and Costs Against Southeast Auto Rental and Leasing Corp. (Dkt. 25). Upon consideration, the motion (Dkt. 25) is **DENIED** *without prejudice*.

The Clerk previously entered a default against Southeast Auto Rental and Leasing (Dkt. 24). Upon entry of a default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] The default, however, does not in itself warrant a default judgment. *Id.* "[T]he well-pleaded allegations in the complaint [must] actually state a substantive cause of action" and there must be "a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). A "default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). Under Federal Rule of Civil Procedure 55(b), an evidentiary hearing may be held to determine appropriate damages, but it is not required, particularly where all of the required evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. Appx. 908, 911-12 (11th Cir. 2011) (citing *SEC v. Smyth*, 420 F.3d 1225, 1230 n.13 (11th Cir. 2005)). Still, default judgment may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Conclusory affidavits are insufficient to establish the amount of damages upon default judgment. *See Stevens v. ACR Sales & Serv., Inc.*, 2008 WL 2275529, at *1 (M.D. Fla. May 31, 2008) (denying motion for default judgment where plaintiff submitted conclusory affidavit as to damages); *Natures Way Marine, LLC v. N. Am. Materials, Inc.*, No. 08-0005-WS-B, 2008 WL 801702, at *4 (S.D. Ala. Mar. 24, 2008) ("It is incumbent on plaintiff, as the party seeking default judgment, to make a detailed evidentiary showing of damages, beyond mere conclusory statements. . . . Plaintiff's damages should be readily provable by reference to objective documentation. . . . What the Court requires . . . is sworn, authenticated evidence. . . . Conclusory evidence whose calculations and factual underpinnings cannot be discerned are insufficient and will not be accepted.").

Plaintiff Liliana Almeira argues that she is entitled to damages of $12,255.04, and Plaintiff Arnaldo Gonzalez argues that he is entitled to damages of $12,228.00. The Complaint and accompanying affidavits, however, do not provide a sufficient basis on which damages may be awarded, for several reasons. First, neither the Complaint nor the affidavits specify by whom Plaintiffs were employed and for whom they were working when their FLSA claims arose. Plaintiffs sued five separate corporate entities, but the Complaint contains no allegations detailing the relationship between the entities. Nevertheless, Plaintiffs aver that they are owed their full measure of damages from the one Defendant to have a default entered against it. Likewise, Plaintiffs argue that they are each entitled to $5,000 for a violation of 26 U.S.C. § 7434,[2] but neither the Complaint nor the affidavits specify which Defendant filed the fraudulent information return with the IRS. Indeed, the Complaint contains only one conclusory sentence concerning the § 7434 claim (*see* Dkt. 1 ¶ 30).

Additionally, Plaintiffs' affidavits are conclusory. Each affidavit is one page long, consisting of conclusory statements concerning the allegations in the Complaint (*see* Dkt. 25-1 at 2, 4). Moreover, the affidavits set forth mere estimates of the overtime worked, and it is unclear how Plaintiffs arrived at those estimates.[3] The affidavits also fail to discern which Defendant is responsible for the alleged violations. Finally, neither affidavit is signed, and Plaintiffs have

---

[2] Section 7434 creates a private cause of action allowing a person to bring a civil action for damages against a company who willfully files a fraudulent information tax return with the IRS with respect to payments purported to be made to the person. § 7434(a). Plaintiffs who prevail under § 7434(a) are entitled to damages in an amount equal to the greater of $5,000 or the sum of (1) actual damages, (2) costs of the action, and (3) reasonable attorneys' fees. § 7434(b).

[3] *See, e.g.*, Dkt. 25-1 at 2 ¶ 5 ("I worked, on average, 48 hours per week, for 52 weeks, *estimated*.") (emphasis added).

therefore failed to present sworn testimony of damages.[4]

Accordingly, Plaintiffs' Motion for Entry of Final Judgment, and For Attorneys' Fees and Costs Against Southeast Auto Rental and Leasing Corp. (Dkt. 25) is **DENIED** *without prejudice*.

**DONE AND ORDERED** this 7th day of April, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[4] Plaintiffs' counsel assures the Court in a footnote (Dkt. 25 at 2 n.2) that Plaintiffs have reviewed and approved the affidavits, and that signature pages will be promptly filed. The motion was filed over one week ago, raising concerns as to whether Plaintiffs have actually reviewed the affidavits drafted on their behalf. In any event, the affidavits are not sworn and may not be considered.

4